## Engle's Estate

*K. L. Shirk*, for exceptants.

*J. Barton Rettew, Jr.*, assistant United States attorney, contra.

*Robert Ruppin*, for accountant.

CHARLES, P. J., February 16, 1939.—F. E. Engle died June 12, 1937, testate, and letters testamentary in his estate were duly granted to Laura B. Engle, the executrix named in his will. His estate was insolvent. It consisted principally of real estate, the inventory filed showing personal property appraised at $73.32.

The real estate consisted of three purparts, one of which decedent, in his lifetime, had entered into articles of agreement to sell at private sale and the other two were sold at public sale, under order of this court, for payment of debts.

An administration account was filed in due course showing a balance in hands of the accountant of $324.80. No exceptions were filed to the account and it was confirmed. By adjudication filed October 27, 1938, the entire balance was awarded to the United States of America, Collector of Internal Revenue, on account of its claim.

To this adjudication exceptions were filed by Laura B. Engle, trustee for the unsecured and common creditors of decedent.

The facts pertinent to the issue raised by the exceptions, briefly, are as follows: F. E. Engle, under the name of Frank E. Engle, became indebted to the United States for unpaid tax on whisky and whisky mash in the sum of $2,351.42 by reason of an illicit still discovered on his farm and the tax thereupon assessed against him. On December 23, 1936, notice of lien of the United States against all his property was filed in Philadelphia with the Clerk of the United States District Court for the Eastern District of Pennsylvania, and on December 24, 1936, in Lancaster with the Prothonotary of Lancaster County to Federal Lien Docket no. 1, p. 129. This tax lien was not appealed from. To permit the sale of decedent's real estate clear of liens, the Collector of Internal Revenue for the First Collection District of Pennsylvania, which includes Lancaster County, in consideration of the payment of $100 on account of said claim, issued a certificate discharging the real estate from the

Federal tax lien. Subsequently and within one year after his death, Laura B. Engle, individually and as trustee for unsecured creditors, brought actions in assumpsit against the estate and had the same indexed in the judgment index of the prothonotary's office in accordance with section 15(a) of the Fiduciaries Act of June 7, 1917, P. L. 447, to nos. 6 and 7, respectively, August term, 1938.

Exceptant contends that the Federal Government lost its lien upon the real estate by reason of the certificate of discharge and the balance shown by the account should have been awarded to common creditors who maintained the lien of their claims according to act of assembly.

The certificate of discharge was issued pursuant to section 3186(c) of the Revised Statutes of the United States, as amended by section 613 of the Revenue Act of May 29, 1928, 45 Stat. at L. 791, as further amended by section 509 of the Revenue Act of May 10, 1934, 48 Stat. at L. 680, par. 4, which provides for the issuance of a certificate of discharge of real estate subject to lien if there is paid to the collector on account an amount *not to be less* than the value of the interest of the United States in the real estate discharged, as determined by the commissioner. In the instant case, the commissioner determined the amount to be paid on account to be $100, which the subsequent sale of the real estate in the course of administration of the estate proved *to be less* than the value of the interest of the United States in said real estate. The certificate of discharge stipulated that it did not extinguish the claim of the Federal Government.

Counsel have not suggested and we are unable to find any case where a similar issue of fact has been before the courts.

The Federal revenue acts made the tax due the United States a lien on all property, real or personal, belonging to the person indebted. Under the statute authorizing the issuance of certificates of discharge of tax lien, the Federal Government was entitled to the value of its interest

on the property so discharged from lien and, therefore, any payment on account when the certificate of discharge of lien was issued, if less than such value, we believe cannot be maintained as a compromise settlement of the tax lien. Such discharge of lien, we believe, can only operate as permitting free alienation similar to proceedings under State law permitting real estate to be sold discharged of lien.

In considering the issue here raised we must not overlook the fact that the claim of the Federal Government is not based upon State law, but is made pursuant to section 3466 of the United States Revised Statutes, 31 U S C §191, which provides, in part, as follows:

"Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied". Under this statute payment of the claim due the Federal Government is subject only to prior existing liens on real estate, and administration expenses, widow's exemption, and funeral expenses, which are not debts due from the decedent.

In considering the effect of the apparent conflict between the Federal law providing that the claim of the United States shall be first satisfied and the Fiduciaries Act of 1917, supra, providing for order of priority of claims in insolvent estates, we were very much interested in a copy of the opinion of the Orphans' Court of Philadelphia County, by Judge Klein, in the Estate of Robert H. Gunnis, no. 1524 of 1937, attached to brief on behalf of the United States. The opinion was filed December 30, 1937, and we have been unable to find it reported anywhere. In this opinion the court held the same priority of claims in an insolvent estate involving a claim of the United States as we have above stated. Judge Klein, in the course of the opinion, discussed at considerable length the applicability of acts of the State legislature and acts

572

of Congress where the two appear to be in conflict, citing Beale's Conflict of Laws (1935), vol. 1, p. 17: "There cannot be two independent laws within a territory, even though that territory be subject to the legislative jurisdiction of two independent sovereigns. The law of the territory, resulting from the legislative action of both sovereigns, is a single law"; and United States v. Fisher et al., etc., 2 Cranch 358, involving the construction of the Act of Congress of March 3, 1797, 1 Stat. at L. 512, ch. 20, sec. 5, upon which the Federal law is based under which the present claim of the United States is made, page 397, where Chief Justice Marshall held that the laws of the United States are supreme "on all subjects to which the legislative power of congress extends", and he arrived at the following conclusion: "We must therefore read the two acts together, giving the fullest effect to both, but recognizing the paramount force of the act of Congress."

In the present case the executrix has in hand funds of an insolvent decedent's estate as shown by her account. Under the State act, counsel for exceptant claims that it, being proceeds from sale of real estate, should have been awarded to common creditors who maintained their lien in accordance with the act of assembly. Counsel for the United States contends that it, being part of the estate of an insolvent decedent, was properly awarded under the Federal statute to the Federal Government on account of its claim. Applying the reasoning in Gunnis' Estate that full force must be given to both acts, but recognizing the paramount force of the act of Congress, we come to the inescapable conclusion that it has been properly awarded.

We have carefully examined the cases cited by counsel for exceptants and are of the opinion that they do not apply to the statement of facts in the present case.

The Federal Government has plenary power over taxpayers' property to collect its revenue: Cannon v. Nicholas, etc., 80 F.(2d) 934. We are, therefore, of the opin-

ion that the balance shown by the account was properly awarded and the exceptions cannot be sustained.

And now, February 16, 1939, exceptions are dismissed and the adjudication is confirmed absolutely.